UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LYNN TARHANICH,

        Plaintiff,                              Civil Action No. 16-CV-10572

vs.                                        HON. BERNARD A. FRIEDMAN

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS

This matter is presently before the Court on cross motions for summary judgment [docket entries 15 and 16]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying her application for Social Security disability insurance benefits. An Administrative Law Judge ("ALJ") held a hearing in July 2014 (Tr. 25-55) and issued a decision denying benefits in August 2014 (Tr. 11-20). This became defendant's final decision in August 2015 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination the Court does not review the record de novo,

and it may not weigh the evidence or make credibility findings.  If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

At the time of her July 2014 hearing, plaintiff was 53 years old (Tr. 30).  She has a high school education and work experience doing inventory control and service tech work (Tr. 30, 142, 161-62).  Plaintiff claims she has been disabled since April 2011 due to sleeplessness, fatigue, nausea, diarrhea, vomiting, diabetes, end state renal disease, and swelling in her left leg and left hand (Tr. 32-33, 41-43, 141, 169).  Her insured status expires in December 2016 (Tr. 121).  The ALJ found that plaintiff has no severe impairments and is therefore not disabled (Tr. 20).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the case must be remanded for further proceedings because (1) the ALJ neglected to consider plaintiff's obesity, (2) the ALJ neglected to consider plaintiff's insomnia, and (3) substantial evidence does not support the ALJ's determination, at Step Two of the sequential evaluation process, that plaintiff has no "severe" impairments.

Regarding the first issue, under defendant's regulations an adult with a body-mass index ("BMI") of 30 or above is deemed to be obese.  *See* SSR 02-1p.  While obesity is no longer a "listed impairment," this Social Security ruling does require the ALJ to consider it at all steps of the sequential process while evaluating applicants for disability insurance benefits. *See id.,* Policy Interpretation ¶ 3 ("We will consider obesity in determining whether: The individual has a medically determinable impairment. . . . ; [t]he individual's impairment(s) is severe. . . . ; [t]he individual's impairment(s) meets or equals the requirements of a listed impairment in the listings. . . . ; [t]he

individual's impairment(s) prevents him or her from doing past relevant work and other work that exists in significant numbers in the national economy.")

In the present case, plaintiff is 5'-7" tall (Tr. 259, 260, 300).  An adult with this height, who weighs 191.5 pounds, has a BMI of 30.  *See* http://www.cdc.gov/healthyweight/assessing/bmi (visited August 9, 2016).  Although the record shows that plaintiff weighed this amount or more on many occasions during the relevant period (e.g., Tr. 207, 233, 248, 251, 258, 289, 294, 300, 302, 306, 317, 319, 326), it does not appear that the ALJ gave any consideration to plaintiff's obesity in determinating whether she has any serious impairments.  On remand, the ALJ must do so as required by SSR 02-1p.

Regarding the second issue, plaintiff testified that one reason she cannot work is that she suffers from insomnia, which she believes is a side effect of her medications (Tr. 32-33) and which leads to daytime fatigue.  In her function report, plaintiff indicated she experiences "sleeplessness due to medications" (Tr. 170); and in her function report and disability report she listed her medications and indicated which ones she believes to be interfering with her sleep (Tr. 176, 187).  The ALJ mentioned and dismissed plaintiff's other alleged side effects (particularly diarrhea, vomiting, and nausea) but she did not make any mention of sleeplessness and daytime fatigue.  Certainly, if as plaintiff says she lies awake for hours at night and is "just wiped out" during the day, this could have more than a minimal effect on her ability to work.  The ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work.  *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)).  On remand, the ALJ must consider plaintiff's allegations of sleeplessness

and daytime fatigue.

Regarding the third issue, the ALJ determined at the Step Two of the evaluation process that "the claimant has no severe impairments" and is therefore not disabled (Tr. 20). As this Court has explained,

> At Step Two of the sequential evaluation process, Plaintiff was required to show that she suffered from a severe impairment. A severe impairment or combination of impairments is one that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities, defined as the physical or mental abilities and aptitudes necessary to perform most jobs, includes the ability to walk; stand; sit; lift; push; pull; reach; carry; handle; see; hear; speak; understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, coworkers and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921. The Sixth Circuit court has determined that the step-two requirement serves as a "de minimus" threshold hurdle in the disability process. *Higgs v. Bowen*, 880 F.2d 860, 862–63 (6th Cir.1988). The inquiry at step two functions as an "administrative convenience to screen out claims that are totally groundless" from a medical perspective. *Id.* at 863 (citation omitted). An impairment will be considered non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir.1985) (citation omitted). "Under this standard, the question . . . is whether there is substantial evidence in the record supporting the ALJ's finding that [the plaintiff] has only a 'slight' impairment that does not affect her ability to work." *Id.*

*Betty v. Comm'r of Soc. Sec.*, No. 15-CV-10734, 2016 WL 1105008, at *3 (E.D. Mich. Feb. 17, 2016), report and recommendation adopted, No. 15-CV-10734-DT, 2016 WL 1090554 (E.D. Mich. Mar. 21, 2016). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education and experience." *Higgs*, 880 F.2d at 862. If the claimant has even one severe impairment, the ALJ must proceed with the sequential evaluation

4

process to determine whether, considering all of her impairments, both severe and non-severe, the claimant can perform her past work and, if not, whether she can perform other work. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009); 20 C.F.R. § 404.1520.

In the present case, the ALJ clearly erred in finding that plaintiff's diabetes is "a slight abnormality that minimally affects [her] work ability." *Higgs*, *supra*. The ALJ's entire discussion of this impairment is contained in the following paragraph:

> Following the kidney transplant, the claimant developed diabetes mellitus. The medical records show that the condition was not always optimally controlled, yet it also does not appear that it causes significant functional limitations. As noted above, the claimant's medical records show that she is active and able to do housework and grocery shopping notwithstanding her impairments (see Exhibit 1F at pages 2, 5, and 8 and Exhibit 7F at page 5). It does not appear that she has ever sought treatment for neuropathic-type symptoms affecting her extremities as a result of uncontrolled diabetes, and a recent ophthalmologic examination revealed no evidence of diabetic retinopathy (Exhibit 7F at page 14). I note that the claimant did complain of diarrhea occurring approximately three times per week as a side effect of Metformin, a medication her doctors prescribed in an effort to control her blood sugar levels (see Exhibit 1F at page 8). The Metformin was discontinued, and she reported that her diarrhea resolved (Exhibit 7F at page 4), contrary to her testimony at the hearing that she continues to experience diarrhea four days per week for one and a half hours per day. After the Metformin was discontinued and she took insulin and Hursulin instead, she also achieved better control of her blood sugar levels (Id. at page 16). Considering this evidence, I cannot conclude that the claimant's diabetes more than minimally affects the claimant's work abilities.

(Tr. 19.)

Characterizing plaintiff's diabetes as "not always optimally controlled" is an understatement that is contradicted by the record. Endocrinologist Anthony Kilbane, M.D., indicated in July 2013 that plaintiff's "overall blood sugar control was suboptimal with hemoglobin

A1c of 7.9%" and that her diabetes is "complicated by peripheral neuropathy[1] and history of renal transplant and hypothyroidism" (Tr. 299). He also indicated that after plaintiff's diabetes medication was changed from metformin to Humulin, "her overall blood sugar control had improved somewhat with hemoglobin A1c of 7.4%." *Id.* Even if plaintiff's diarrhea has resolved, she has no retinal neuropathy, and she has not sought treatment for peripheral neuropathy, these facts alone do not support the conclusion that plaintiff's diabetes is a non-severe impairment. Apparently referring to her low blood sugar levels, plaintiff testified that once per week "[m]y diabetes is mostly it go low on. Like I was at 43 the other night, and you get flushed, you get sweaty, you get eyesight that you get white blindness" [sic] (Tr. 40). The ALJ did not reject or even comment on this testimony or discuss the extent to which plaintiff's diabetes is controlled except to say it is "not always optimally controlled." In any event, it certainly cannot be said that this impairment is so insignificant that it may be viewed as a "slight abnormality" that has at most a minimal effect on plaintiff's ability to work. This is particularly so in light of plaintiff's obesity, *see, e.g.,* Tr. 306 (BMI 34.27 in December 2013), Tr. 302 (BMI 33.36 in March 2014), Tr. 326 (BMI 33.69 in April 2014), which, as noted above, the ALJ has not evaluated. On remand, the ALJ must reevaluate plaintiff's diabetes and, if this impairment is deemed to be severe, continue with the sequential disability analysis beyond Step Two. Accordingly,

---

[1] Dr. Kilbane noted that "[t]he peripheral examination was notable for normal pulses, but decreased vibration and sensation in her toes" (Tr. 299).

IT IS ORDERED that plaintiff's motion for summary judgment is granted.  The matter is remanded pursuant to § 405(g) for further proceedings so that defendant may address the errors identified above.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 11, 2016
        Detroit, Michigan

7